1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    BRYAN DAMON PATTERSON,                    No.  2:18-CV-2588-WBS-DMC-P

12                    Plaintiff,

13          v.                                  <u>FINDINGS AND RECOMMENDATIONS</u>

14    T. FORBES,

15                    Defendant.

16

17               Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18    42 U.S.C. § 1983.  Pending before the Court is Defendant's motion to dismiss the complaint

19    (ECF No. 17) for failing to state a First Amendment access to courts claim and failing to state a

20    First Amendment retaliation claim.  Specifically, Defendant argues Plaintiff failed to allege an

21    actual injury related to his access to courts claim, and Plaintiff suffered only de minimis harm and

22    failed to allege Defendant acted because of Plaintiff's protected conduct related to his retaliation

23    claim.

24    ///

25    ///

26    ///

27    ///

28    ///

# I. BACKGROUND

## A. Procedural History

Plaintiff filed his civil rights complaint on September 21, 2018, asserting Defendant violated his First Amendment right to access courts and his First Amendment right to be free from retaliation. ECF No. 1. On October 24, 2018, this Court screened the complaint and determined that sufficient facts existed for the complaint to pass screening and authorized service to Defendant T. Forbes. ECF No. 9. Defendant returned the waivers of service on January 31, 2019. ECF No. 16. Defendant filed his motion to dismiss on February 14, 2019. ECF No. 17. Plaintiff filed his opposition to Defendant's motion to dismiss on March 4, 2019, and Defendant filed his reply on March 11, 2019. ECF Nos. 18, 19.

## B. Plaintiff's Claims

Plaintiff's complaint raises two claims: (1) Plaintiff alleges Defendant T. Forbes violated his First Amendment right to access courts by continuously and intentionally failing to process his in forma pauperis (IFP) application and trust account statement for a current case pending in the Northern District of California; (2) Plaintiff alleges Defendant T. Forbes violated his First Amendment right to be free from retaliation for protected conduct by failing to process his in forma pauperis application and trust account statement in that same litigation currently pending in the Northern District of California.

## C. Defendant's Motion to Dismiss

Defendant argues Plaintiff's complaint fails to state a claim upon which relief can be granted for three reasons. First, Defendant argues Plaintiff failed to adequately plead an access to courts claim because Plaintiff has not pleaded, and did not suffer, an actual injury. Second, Defendant argues Plaintiff failed to state a retaliation claim because Plaintiff fails to allege an adverse action that is more than a de minimis harm. Third, Defendant argues Plaintiff failed to state a retaliation claim because Plaintiff did not allege Defendant acted in retaliation of some form of protected conduct.

///

///

2

## II.  MOTION TO DISMISS LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides or motions to dismiss for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a omplaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 570 (2007) ). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The court must accept as true the allegations of the complaint.   Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), and construe the pleading in the light most favorable to plaintiff.   Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  A pro se complaint must contain more than "naked assertion[s]," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action, supported by mere conclusory statements." Iqbal, 556 U.S. at 678.

A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curium). The court must give a pro se litigant leave to amend his complaint "unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)).  However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court "may 'generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice.'" Outdoor Media Grp., Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citing Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007)).

# III. ANALYSIS

## A.	Access to Courts—Actual Injury

Defendant argues Plaintiff has failed to demonstrate actual injury because his lawsuit was "not dismissed" and he did not lose an opportunity to file a future lawsuit.  Defendant asserts because Plaintiff's complaint is currently pending no actual injury occurred.  However, Plaintiff alleges, and Defendant does not contest, that Plaintiff's case in the Northern District was dismissed because Defendant failed to process Plaintiff's in forma pauperis application and trust account statement.  The documents filed by Defendant, specifically those related to Plaintiff's pending case in the Northern District, of which this Court takes notice, show Plaintiff's case was dismissed without prejudice on January 16, 2018, for failure to file an IFP application and that it was re-opened on March 15, 2018, after receiving Plaintiff's complete IFP application.  The question then, is whether a dismissal without prejudice for failing to receive a complete IFP application is an "actual injury" for the purpose of a section 1983 access to courts claim.

Prisoners have a First Amendment right of access to the courts.  See Lewis v. Casey, 518 U.S. 343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977); Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995) (discussing the right in the context of prison grievance procedures).  This right includes petitioning the government through the prison grievance process.  See id.  Prison officials are required to "assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."  Bounds, 430 U.S. at 828.  The right of access to the courts, however, only requires that prisoners have the capability of bringing challenges to sentences or conditions of confinement.  See Lewis, 518 U.S. at 356-57.  Moreover, the right is limited to non-frivolous criminal appeals, habeas corpus actions, and § 1983 suits.  See id. at 353 n.3 & 354-55.  Therefore, the right of access to the courts is only a right to present these kinds of claims to the court, and not a right to discover claims or to litigate them effectively once filed.  See id. at 354-55.

///

///

As a jurisdictional requirement flowing from the standing doctrine, the prisoner must allege an actual injury. See id. at 349. "Actual injury" is prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim. See id.; see also Phillips v. Hust, 477 F.3d 1070, 1075 (9th Cir. 2007). Delays in providing legal materials or assistance which result in prejudice are "not of constitutional significance" if the delay is reasonably related to legitimate penological purposes. Lewis, 518 U.S. at 362.

Applying this standard here, it cannot be said that Plaintiff alleged an actual injury. Though it is clear that during the period in which Plaintiff's complaint was dismissed an actual injury existed, once the case was re-opened any potential injury disappeared. The actual injury requirement is defined as prejudice with respect to contemplated or existing litigation. Here, the dismissal of Plaintiff's case was without prejudice and the case was promptly reopened once the IFP deficiency was cured. This dismissal, thus, in no way prejudiced Plaintiff's pending litigation, as the case is now open and proceedings through the litigation process. Plaintiff has suffered no prejudice in his existing litigation, no actual injury exists.

The Court does, however, note the allegation that a prison official was continuously and intentionally failing to process Plaintiff's IFP application is very troubling and raises serious First Amendment questions. Access to courts is an essential right guaranteed by the First Amendment and this Court is not inclined to tolerate its obstruction. Here, however, because Plaintiff's case was reinstated resulting in no "actual harm," the Court recommends Plaintiff's First Amendment access to courts claim be dismissed.

**B.      Retaliation**

In order to state a claim under 42 U.S.C. § 1983 for retaliation, the prisoner must establish that he was retaliated against for exercising a constitutional right, and that the retaliatory action was not related to a legitimate penological purpose, such as preserving institutional security. See Barnett v. Centoni, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam). In meeting this standard, the prisoner must demonstrate a specific link between the alleged retaliation and the exercise of a constitutional right. See Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995);

Valandingham v. Bojorquez, 866 F.2d 1135, 1138-39 (9th Cir. 1989).  The prisoner must also show that the exercise of First Amendment rights was chilled, though not necessarily silenced, by the alleged retaliatory conduct.  See Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000), see also Rhodes v. Robinson, 408 F.3d 559, 569 (9th Cir. 2005).  Thus, the prisoner plaintiff must establish the following in order to state a claim for retaliation: (1) prison officials took adverse action against the inmate; (2) the adverse action was taken because the inmate engaged in protected conduct; (3) the adverse action chilled the inmate's First Amendment rights; and (4) the adverse action did not serve a legitimate penological purpose.  See Rhodes, 408 F.3d at 568.

### 1.  De Minimis Harm

Defendant argues, Plaintiff has failed to state a First Amendment retaliation claim because Plaintiff did not allege an adverse action that caused more than a de minimis harm.  An adverse action may be a harm or a threat of harm, and may be explicit or implied. Brodheim v. Cry, 584 F.3d 1262, 1270 (9th Cir. 2009).  Though an adverse action need not be an independent constitutional violation, inconsequential or de minimis harms do not constitute adverse actions. Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (to support a claim a harm must be "more than minimal") (citations omitted); see also Bell v. Johnson, 308 F.3d 594, 603 (6th Cir. 2002) ("[S]ome adverse actions are so de minimis that they do not give rise to constitutionally cognizable injuries." (citing Thaddeus-X v. Blatter, 175 F.3d 378, 396 (6th Cir. 1999))).  Even so, "a retaliation claim may assert an injury no more tangible than a chilling effect on First Amendment rights." Gomez v. Vernon, 255 F.3d 1118, 1127 (9th Cir. 2001).  A prisoner need not demonstrate that his speech was actually suppressed. Rhodes v. Robinson, 408 F.3d 559, 459 (9th Cir. 2004) (rejecting arguments that a prisoner's ability to file a First Amendment retaliation claim belied his claim of chilling effects).

Here, the harm alleged by Plaintiff is the failure to process his IFP applications which lead to the dismissal of his case in the Northern District of California.  Defendant argues this is only a de minimis harm, inadequate to constitute an adverse action.  This Court disagrees.  The continuous refusal to process IFP applications alone could certainly lead to the chilling of speech.  Failing to process IFP applications closes the door to the judiciary and eliminates a

prisoner's access to judicial redress. Add to this the dismissal of a pending legal case and it is clear this alleged harm is not de minimis. Because an injury need be no more tangible than a chilling effect on First Amendment rights, and this Court has concluded Defendant's alleged actions constitute a chilling effect, Plaintiff has alleged sufficient facts to support an adverse action. See Gomez v. Vernon, 255 F.3d at 1127.

## 2. Protected Conduct

Defendant argues Plaintiff failed to state a retaliation claim because Plaintiff did not allege Defendant acted in retaliation of some form of protected conduct. As noted above, when alleging a First Amendment retaliation action, the prisoner must demonstrate a specific link between the alleged retaliation and the exercise of a constitutional right. See Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). Defendant correctly points out that Plaintiff has failed to allege any facts which indicate he was retaliated against for the exercise of protected conduct. In fact, in reading the complaint it is unclear what if any action allegedly triggered the charged retaliation. The complaint is simply void of any facts indicating Defendant acted in retaliation of any conduct, let alone protected conduct. Because there are no allegations that the adverse actions by Defendant were in retaliation to Plaintiff's exercise of a constitutional right, this First Amendment retaliation claim must be dismissed.

///
///
///
///
///
///
///
///
///
///
///

# IV. CONCLUSION

Based on the foregoing, the undersigned recommends that Defendants' motion (ECF No. 17) to dismiss be GRANTED, but that Plaintiff be afforded leave to amend to address the deficiencies identified here.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 9, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE